

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAMADA FRANCHISE SYSTEMS, INC., | |
| Plaintiff and Counterclaim defendant | CIVIL ACTION NO. |
| | CV 95-AR-2568-S |
| v. | |
| HOTEL CONSULTING MANAGEMENT CORPORATION, | |
| Defendant and Counterclaimant | |

ENTERED

NOV 1 4 1997

## MEMORANDUM OPINION

On October 28, 1997, a jury answered special interrogatories submitted to it at the close of the evidence in the above-entitled cause. The jury found that plaintiff and counterclaim defendant, Ramada Franchise Systems, Inc. ("Ramada"), had proven by a preponderance of the evidence that defendant and counterclaimant, Hotel Consulting Management Corporation ("Hotel Consulting"), had breached the Licensing Agreement into which the two parties had entered and that Hotel Consulting had violated the Lanham Act by infringing the Ramada trademark after Ramada lawfully terminated the Licensing Agreement. The jury further found that Hotel Consulting failed to prove by a preponderance of the evidence its counterclaim allegations that Ramada had itself breached the said Licensing Agreement or that it had committed fraud in inducing the execution of the agreement.

On October 30, 1997, the court established a schedule by which the parties were to inform the court of their respective positions concerning how the court should properly translate the jury's answers into a final judgment. Ramada filed its contention on November 3, 1997, and Hotel Consulting replied on November 12, 1997.

The parties stipulated before trial that, after the jury determination of the other issues, the issues of pre-judgment interest, if any, and of attorneys fees, if any, would be matters for the court alone.

Ramada filed a motion for judgment as a matter of law under Rule 50(a), F.R.Civ.P., at the conclusion of the evidence. Its said motion was taken under advisement.

### The Breach of Contract Claim

Even if the jury had not found (1) that a contract between the parties, in fact, existed, (2) that the contract was breached only by Hotel Consulting, and (3) that there was no fraud by Ramada in the inducement, Hotel Consulting's unsuccessful counterclaim for breach of the contract would estop it from contending that there was no contract. The jury found that Ramada had proven $7,572.80 in actual damages as a proximate consequence of Hotel Consulting's breach and that the contract provided for $50,000 in liquidated damages in favor of Ramada in the event of breach.

Section 22 of the Licensing Agreement provides:

> Liquidated Damages. If this Agreement terminates by action of the Licensee or under Section 21(b) or (c), Licensee shall pay Ramada within 30 days following the date of such event, as "Liquidated Damages," <u>because actual damages incurred by Ramada will be difficult or impossible to ascertain</u>, and not as a penalty, an amount equal to the sum of accrued Recurring Fees during the immediately preceding 24 full calendar months (or such shorter period as equals the unexpired License Grant Term at the date of termination, without regard to any express right to terminate the License prior to the expiration of the License Grant Term); provided, however, if the Facility has been open for less than 24 months, then the average monthly Recurring Fees since the commencement of the License Grant Term multiplied by 24, plus any applicable Taxes assessed on such payment. Notwithstanding the foregoing, in no event shall the amount payable pursuant to this Section be less than the product of $2,000.00 multiplied by the number of guest rooms in the Facility, provided, however, if the License Grant Term will expires in less than 24 months, then such amount shall be reduced by multiplying it by a fraction, the numerator of which is the number of months remaining in the License Grant Term and the denominator of which is 24. Such amount shall also be subject to adjustment on each January 1, commencing January 1, 1992, on a system-wide basis, but such adjustment shall not exceed the amount obtained by multiplying such amount by the Adjustment Factor. If the License Agreement terminates prior to the Opening Date, Licensee shall pay Ramada within 30 days following the date of termination Liquidated Damages in an amount equal to the product of $500.00 multiplied by the number of Facility guest rooms, plus any applicable Taxes. The $2,000.00 factor shall be adjusted each January 1, beginning January 1, 1992, on a system-wide basis, provided that no such adjustment shall exceed the amount resulting by multiplying such amount by the Adjustment Factor. <u>Notwithstanding the foregoing, in no event shall the amount payable pursuant to this Section be greater than $50,000.00</u>. Payment of Liquidated Damages shall be in addition to Ramada's other rights under this Agreement.

(emphasis supplied). This language, which must be construed against Ramada as the party which drafted it, limits Ramada to the sum of $50,000 damages for breach of the contract, no matter what Ramada's actual damages may have been as a result of Hotel Consulting's breach. The other factors in Section 22 that would

have kept the liquidated damages under $50,000 were not proven, leaving the jury with $50,000 as the appropriate option. The last sentence in Section 22 says "payment of Liquidated Damages shall be in addition to Ramada's other rights under this agreement." This phrase cannot mean, and therefore does not mean, that Ramada can obtain <u>both</u> actual damages and liquidated damages--a type of damages allowed when it is difficult or impossible to prove actual damages. The words "other rights" necessarily mean rights like the right to terminate and the right to sue for trademark infringement. The court will enter judgment only for the amount of the liquidated damages and not for the actual damages.

This court is quite familiar with *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562 (11th Cir. 1986). Although that case recognizes the right of a franchisor to obtain separate awards for a breach of the agreement and for a violation of the Lanham Act, notwithstanding the fact that common elements may be used to calculate both awards, this court does not read *Gadsden Motel* to allow an overlapping recovery for actual damages and for liquidated damages for breach of the same contract.

Section 30 of the Licensing Agreement provides that the contract shall be construed in accordance with the laws of the State of New York. The law of New York provides that a party which is entitled to liquidated damages by contract is entitled to pre-judgment interest on the said liquidated damages from the date the

4

cause of action arose until the date of judgment. *United States for the use and benefit of Groisser & Shlager Iron Works, Inc. v. Walsh*, 240 F. Supp. 1019, 1021 (S.D.N.Y. 1965). This particular contract provides for interest at the rate of 1.5% per month on the obligation from the due date until paid. The accrual date of the $50,000 liquidated damages was April 1, 1995. This results in interest to this date of $22,850.

### The Lanham Act Claim

The jury found that Hotel Consulting's infringement of Ramada's trademark caused Ramada "damages" as defined by the Lanham Act in the sum of $405,726. It is obvious to this court that the jury arrived at this figure because that was the amount of Hotel Consulting's sales during the period of the infringement, as suggested by Ramada's evidence, without any deduction for Hotel Consulting's costs. The jury apparently could not find that Hotel Consulting had proved its costs, as required by 15 U.S.C. § 1117(a), which frustrated its ability to arrive at the infringer's "profits," the measure of damages under the Lanham Act. In its post-trial brief, Hotel Consulting contends that its financial statements received into evidence constitute undisputed proof that its maximum profit during the relevant period would be $53,800. There are several problems with this contention, not the least of which is that it does not follow the methodology and switching burdens of proof set forth in § 1117(a).

During its deliberations, the jury communicated its inability to deduce from the evidence the amount of Hotel Consulting's costs. The court declined to comment on the evidence or to undertake to clarify what appeared to be Hotel Consulting's failure to quantify or to articulate its costs. This failure was perhaps deliberate, because to dwell on costs might have been construed by the jury as a concession that Hotel Consulting had violated the Lanham Act, something that it vigorously denied despite this court's earlier adverse ruling on petition for preliminary injunction. For whatever reason, Hotel Consulting put all its eggs in its counterclaim basket of fraud. This was a perfectly understandable strategic decision. In this case, however, it backfired. Nevertheless, the court, as a matter of law and common sense, knows that Hotel Consulting did incur substantial expenditures during the period of its infringement. While this court ordinarily cannot substitute its judgment for that of the jury, in this case it fortunately has access to the provision of 15 U.S.C. § 1117(a), which grants to the court broad discretion in fixing the ultimate amount to be assessed as damages under the Lanham Act, as well as possible attorneys fees. The pertinent language is:

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. <u>If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.</u> Such sum in either of the above

6

circumstances shall constitute compensation and not a penalty. <u>The court in exceptional cases may award reasonable attorney fees to the prevailing party</u>.

(emphasis supplied). Because this court knows that Hotel Consulting had substantial expenses, the court finds that "the recovery based on profits," as determined by the jury, is "excessive." Thus, in an exercise of this court's discretion, the court is not controlled by the jury verdict of Lanham Act damages, and it instead assesses the damages as $150,000, a sum which this court finds to be "just, according to the circumstances of the case," given that the parties continued to negotiate a possible settlement of their controversy during the period of infringement, and that $405,726 would be grossly excessive. Because the Lanham Act language grants the prerogative to the court in a way that does not violate the Seventh Amendment, the Lanham Act being a statutory scheme that while creating a cause of action grants to the judge a broad discretion and provides a rationale for it, this reduction in the jury suggestion does not require an order of remittitur.

Not only is the court itself called upon to assess the Lanham Act damages, but in this case it respectfully declines to award attorneys fees to Ramada. While Ramada was most assuredly the "prevailing party," the court does not find that this case was "an exceptional case," within the meaning of the relevant language in § 1117(a), unless, of course, all Lanham Act cases are to be deemed "exceptional" if the trademark violation is intentional, as it was

here. Another reason for not awarding attorneys fees, if a reason is needed, comes from the lesson of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983). Ramada failed to distinguish between the unrecoverable lawyer-hours spent prosecuting the contract claim and defending Hotel Consulting's contract and fraud claims from the hours spent prosecuting the Lanham Act claim. *See* Dan B. Dobbs, "Reducing Attorneys' Fees For Partial Success; A Comment On *Hensley* And *Blum*," 1986 Wis.L.Rev. 835.

Not only does Ramada not receive attorneys fees, but there is no statutory basis for awarding it the treble damages it seeks. There was no use of a "counterfeit mark," which is the basis for treble damages under 15 U.S.C. § 1117(b). The provision in § 1117(a) does not require treble damages; rather, it <u>caps</u> the recovery at three times the actual damages. And this court has already exercised its factfinding discretion in fixing the Lanham Act damages.

### **Injunctive Relief**

Although there seems little likelihood that Hotel Consulting will further infringe on Ramada's mark at the Birmingham facility now operated by Hotel Consulting as "ADAM'S INN," Ramada is, in equity, entitled to a permanent injunction in view of the earlier issuance of a preliminary injunction and the jury's finding that Hotel Consulting did, in fact, infringe.

### Conclusion

A separate, final order will be entered consistent with the jury's findings and with the foregoing findings and conclusions reached by the court.

DONE this 14th day of November, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE